UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILFORD ARMSTEAD, Plaintiff, v. WASHINGTON STATE DEPARTMENT OF ENTERPRISE SERVICES, *et al.*, Defendants. | CASE NO. 3:21-cv-05557-JLR-JRC<br>REPORT AND RECOMMENDATION<br>NOTED FOR: March 18, 2022 |

The District Court has referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

In 2020, the Internal Revenue Service sent economic impact payments ("EIPs") authorized by the CARES Act[1] to people including plaintiff, who was then in the custody of the Washington State Department of Corrections ("DOC"). Without plaintiff's approval, DOC deducted $540 of plaintiff's $1,200 EIP check to pay certain debts that plaintiff owed as a result of his convictions. Plaintiff, who proceeds *pro se*, filed a tort claim and then sued in state court

[1] The Coronavirus Aid, Relief, and Economic Security Act, Pub L. No. 116-136, 134 Stat. 281 (2020).

for conversion and for negligent investigation into his tort claim, arguing that federal law disallowed DOC's deductions. Defendants removed the matter to federal court.

Defendants' motion for summary judgment dismissal of plaintiff's claims is now before the Court. Dkt. 6. The Court has also *sua sponte* ordered defendants to brief the issue of subject matter jurisdiction over these state law claims. Dkt. 11.

The District Court should grant the summary judgment motion and dismiss plaintiff's claims with prejudice. Plaintiff's conversion claim arises under federal law because the Court must interpret the CARES Act to resolve the claim, so that the Court has subject matter jurisdiction. Defendants are entitled to judgment as a matter of law because plaintiff fails to come forward with evidence or argument to support that the CARES Act barred DOC from deducting these amounts from plaintiff's EIP funds. Plaintiff's negligent investigation claim fails because, among other reasons, there is no state-law tort for negligent investigation under these circumstances.

## BACKGROUND[2]

At all times relevant to this litigation, plaintiff has been incarcerated and subject to state law and DOC policy regarding prisoner funds. RCW 72.09.480 dictates various deductions that DOC must take from these funds, including amounts owed for legal financial obligations, the cost of incarceration, and the crime victim's compensation fund. *See* RCW 72.09.480(2)(a), (c), (e). Plaintiff also provides a DOC deductions matrix, which shows that more deductions may be taken from deposited funds that are "partially exempt – due to federal statu[t]e" than those that are "non[-]exempt." Dkt. 10, at 18 (formatting removed).

[2] The material facts are undisputed, except as noted in this section.

The CARES Act became law in March 2020 and resulted in the payment of $1,200 to individuals including plaintiff. *See* 26 U.S.C. § 6428(a)(1). Although the Internal Revenue Service ("IRS") initially took the position that prisoners could not receive EIPs, a federal court ruled that this position was unlawful, and the IRS sent checks to prisoners. *See* Dkt. 1-2, at 10.

On December 4, 2020, DOC received plaintiff's EIP check. Dkt. 7, at 3. DOC determined that EIPs were subject to deductions authorized by state law and took 45% of plaintiff's EIP, applying the funds toward amounts that plaintiff owed for legal financial obligations, the crime victim's compensation fund, and the cost of incarceration. Dkt. 7, at 3. Citing DOC's deduction matrix, plaintiff claims that federal law barred DOC from making such deductions and that DOC should have categorized the funds as "partially exempt" due to federal statute, rather than as an "other deposit" that was subject to more than 5% in deductions. *See* Dkt. 1-2, at 3. Plaintiff also provides what appears to be a January 2021 DOC message to prisoners stating that DOC would not be taking "Washington State deductions" for a second set of EIPs, which the IRS later distributed. Dkt. 10, at 20.

Plaintiff filed a tort claim related to these arguments, which the State denied in February 2021. Dkt. 1-2, at 2, 12.[3] Plaintiff then brought a suit sounding in tort against defendants in state court. *See* Dkt. 1-2, at 2. Plaintiff seeks damages and costs incurred in bringing this litigation. *See* Dkt. 1-2, at 5.

Defendants removed the complaint to federal court, asserting that the matter raises a federal question regarding the interpretation of a portion of the CARES Act. *See* Dkt. 2.

---

[3] Plaintiff signed the complaint under penalty of perjury, so that the complaint may be considered as evidence in opposition to the summary judgment motion to the extent that he makes contentions based on personal knowledge and setting forth facts that would be admissible in evidence. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Defendants have moved for summary judgment dismissal of plaintiff's claims, including filing a notice that the pending summary judgment motion, if granted, would end the case. *See* Dkt. 8; *see also Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (requiring such notices in *pro se* prisoner cases).

In response to the summary judgment motion, plaintiff continues to assert that federal law did not allow any amounts "beyond any child support in arrea[r]s" and exceeding 5% of the total to be deducted from the EIP check he received in 2020. *See* Dkt. 10, at 2. Plaintiff also points to a notice from the IRS (Notice 1444-D) stating that his payment would be up to $1,200, "reduced by 5% of income you received in 2019 above . . . $75,000[.]" Dkt. 1-2, at 10. He argues that had he known that DOC would take amounts from his EIP check, he would have directed the IRS to send his check to another address. *See* Dkt. 10, at 5. Finally, plaintiff appears to raise a new argument that DOC also unlawfully deducted amounts from his EIP check because state law exempts "awards resulting from legal action" from deductions. *See* Dkt. 10, at 7 (citing RCW 72.09.480(2)).

After the briefing on defendants' summary judgment motion was complete, the Court *sua sponte* solicited briefing on the issue of whether this Court has subject matter jurisdiction over a case involving alleged state law torts. *See* Dkt. 11. Defendants have filed their brief, and the matter is ripe for decision. *See* Dkt. 15. Although the Court allowed (but did not require) plaintiff to file a response, plaintiff has not timely responded to the Court's order to show cause regarding subject matter jurisdiction. Plaintiff agrees, however, that this matter "may be a federal issue of law." Dkt. 10, at 2.

///

## DISCUSSION

### I. Subject Matter Jurisdiction

As a preliminary matter, the Court *sua sponte* addresses whether it has subject matter jurisdiction over plaintiff's complaint. Liberally construed, plaintiff's complaint alleges that DOC committed the tort of conversion. *See* Dkt. 1-2, at 4 (alleging that DOC wrongfully took funds from plaintiff); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the Court must construe a *pro se* plaintiff's complaint liberally). There is subject matter jurisdiction over this claim under the doctrine of "embedded federal question" jurisdiction, for the reasons discussed below.

Federal courts are courts of limited jurisdiction and generally do not have jurisdiction over state law claims, such as a conversion claim. *But see* 28 U.S.C. § 1332 (providing for diversity jurisdiction). A district court must be vigilant to ensure that subject matter jurisdiction lies over cases brought in the court. *See, e.g.*, Fed. R. Civ. P. 12(h)(3) (requiring a district court to dismiss an action if "at any time" the court determines that it lacks subject matter jurisdiction).

One circumstance in which the Court has original jurisdiction over a civil action is where that action "aris[es] under" federal law. *See* 28 U.S.C. § 1331 (providing for "federal question" jurisdiction). Although this generally occurs where federal law creates a private right of action, there are also limited circumstances in which the court has jurisdiction over state law claims that implicate significant federal issues. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Known as "embedded federal jurisdiction," this doctrine applies when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Saldana v. Glenhaven Healthcare LLC*, No. 20-

56194, 2022 WL 518989, at *6 (9th Cir. Feb. 22, 2022) (citing *Gunn*, 568 U.S. at 258 (setting forth factors)). The Court addresses these factors in turn, mindful that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that defendants have the burden of establishing jurisdiction).

First, the claim must necessarily raise a federal issue. *See Gunn*, 568 U.S. at 258. Here, the crux of the complaint is that federal law—the CARES Act—exempted plaintiff's EIP check from DOC deductions other than for child support or for more than 5% of the funds. *See* Dkt. 1-2, at 3–4 (citing IRS Notice 1444-D and alleging that the funds were partially exempt due to a federal statute). Because the resolution of this claim turns on whether DOC acted "without lawful justification," which is an element of the tort of conversion, the claim necessarily raises a federal issue regarding interpretation of the CARES Act. *See Pub. Util. Dist. No. 1 of Lewis Cty. v. Wash. Pub. Power Supply Sys.*, 705 P.2d 1195, 1211 (Wash. 1985), *modified*, 713 P.2d 1109 (Wash. 1986).

Second, the Court looks to whether resolution of the CARES Act issue is "actually disputed." *Gunn*, 568 U.S. at 258. Although the complaint is not a model of clarity, plaintiff asserts that federal law prohibited taking more than 5% of his EIP and specifically cites the IRS notice, which itself refers to the CARES Act. Dkt. 1-2, at 3, 10. Defendants disagree with this interpretation, and it is not a mere peripheral issue in the complaint. *See Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 842, 852–53 (D. Haw. 2006). Therefore, federal law is clearly at issue.

Third, the issue must be "substantial"—an inquiry that focuses on the importance of the federal issue to the federal system as a whole. *Gunn*, 568 U.S. at 258, 260. "An issue has such

importance when it raises substantial questions as to the interpretation or validity of a federal statute . . . or when it challenges the functioning of a federal agency or program." *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020). Moreover, a case that presents a purely legal issue—in contrast to an issue that is fact-bound and situation-specific—is more likely to implicate federal question jurisdiction. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006). The Court agrees with defendants that the legal issue of whether federal law barred DOC from deducting amounts from plaintiff's EIP check presents a substantial federal issue under these authorities. The parties agree on most of the essential facts in this litigation, and resolution of this issue turns on interpretation of the CARES Act.

Fourth, the issue must be capable of resolution without disrupting the federal-state balance. *Gunn*, 568 U.S. at 258. "[T]he absence of a federal private right of action" is "evidence relevant to, but not dispositive of" this issue. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005). In *Grable*, the Supreme Court observed that federal question jurisdiction had not extended to cases where exercising federal jurisdiction "would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." 545 U.S. at 318. The Court agrees with defendants that this case does not appear to pose the threat of introducing a "tremendous number of cases" (*see Grable*, 545 U.S. at 318) to federal court that would otherwise be brought in state court. The CARES Act is a unique federal statutory provision, and the number of prisoner-plaintiffs who might challenge deductions from their first EIP checks, issued in 2020, would not appear to be "tremendous" or overwhelming. Indeed, the Court is aware of only one other case in which a person in DOC custody challenged deductions from the person's EIP check. *See Hudson v. Sinclaire*, No. 4:21-CV-5039-TOR,

2021 WL 4936238, at *2 (E.D. Wash. Sept. 15, 2021) (finding that the CARES Act included no exemption from state court deductions from December 2020 EIPs).

For these reasons, the Court finds that defendants have met their burden to show that the Court has subject matter jurisdiction over plaintiff's claim of conversion.

Plaintiff also appears to raise a claim of negligent investigation by the Office of Risk Management. *See* Dkt. 1-2, at 3. If the court has federal question jurisdiction over a claim, it "'shall [also] have supplemental jurisdiction' . . . 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (quoting 28 U.S.C. § 1367(a)). The Court has supplemental jurisdiction over the negligent investigation claim since it arises from the same common nucleus of operative fact—whether DOC wrongfully deducted portions of plaintiff's EIP check. Therefore, the Court finds that supplemental jurisdiction exists over the negligent investigation claim. The Court turns to the merits of the summary judgment motion.

**II. Summary Judgment Motion**

**A. Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a summary judgment motion, the Court must take the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Conclusory allegations and mere speculation are not enough to create a genuine issue of material fact. *See, e.g.*, *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Finally,

the Court may not engage in credibility determinations or weighing of the evidence when ruling on a summary judgment motion. *See Anderson*, 477 U.S. at 255.

**B. Conversion Claim**

The dispositive issue related to plaintiff's claim of conversion is whether plaintiff has come forward with evidence to establish that DOC acted "without lawful justification"—an element of the tort of conversion. *See Pub. Util. Dist. No. 1 of Lewis Cty.*, 705 P.2d at 1211.

As noted, plaintiff cites to IRS Notice 1444-D (which itself refers to the CARES Act) and argues that DOC could take no more than 5% of his EIP check, other than amounts owed for child support. *See* Dkt. 1-2, at 4; Dkt. 10, at 2. However, the IRS Notice that he cites contains no such statement. Rather, it states that the federal government would reduce the 2020 EIP check "by 5% of income you received in 2018 or 2019 about: $150,000 for joint filers, $112,500 for a head of household, and $75,000 in all other cases." Dkt. 1-2, at 10. This language reflects statutory provisions limiting the amount of the EIP check by the taxpayer's adjusted gross income. *See* 26 U.S.C. § 6428(c); *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994) (holding that statutory interpretation begins with the plain statutory language); *see also BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 186 (2004) (holding that the Court has no need to resort to legislative history if the question may be resolved by the statute's plain language).

The version of 26 U.S.C. § 6428 in effect at the time of the deductions from plaintiff's EIP check included express language about offsets or reductions from the EIP check. *See* CARES Act, Pub. L. No. 116-136, § 6428, 134 Stat. 281, 338–39 (2020). Specifically, the statute included a note exempting the funds from offsets pursuant to 31 U.S.C. §§ 3716 and 3720A, 26 U.S.C. § 6402(d)–(f), and "other assessed Federal taxes that would otherwise be subject to levy or collection." 134 Stat. at 338–39. Those amounts refer to debts not relevant

here and owed to the federal government or for state income taxes and unemployment compensation. *See* 31 U.S.C. §§ 3716 (allowing administrative offsets for delinquent federal debts), 3720A (allowing reduction of tax refunds for delinquent federal debts); 26 U.S.C. § 6402(d)–(f) (related to refunds from the IRS and withholdings therefrom for debts owed to federal agencies, for state income taxes, and for unemployment compensation). The statute's exemption of a finite list of deductions that the federal government may not take from the EIP check implies that deductions not otherwise specified may be deducted. *See Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80–81 (2002). Further, plaintiff offers no compelling reason to explain why restrictions on what the *federal* government may withhold from an EIP check would restrict what a *state* government could deduct from the same funds. Thus, the Court disagrees with plaintiff that either Notice 1444-D or the cited CARES Act provision prohibit the deductions that DOC took from plaintiff's check for legal financial obligations, the cost of incarceration, or the crime victim's compensation fund. *Accord Hudson*, 2021 WL 4936238, at *2. Plaintiff's argument that DOC should have classified the EIP check as partially exempt fails for the same reasons.

Plaintiff argues that when the federal government issued another, later set of stimulus checks, DOC returned most of those checks to the IRS for further instructions. *See* Dkt. 1-2, at 3. But actions taken regarding a different round of EIP checks authorized under a different statutory scheme do not amount to evidence that DOC acted without lawful justification by withholding amounts from the first set of checks. *See also* Dkt. 10, at 22 (an IRS statement regarding a later EIP, stating that it had not been reduced for child support or other federal or state debts). Similarly, plaintiff's claim that DOC never informed individuals that DOC would deduct amounts from their first EIP checks does not show that DOC acted without lawful

justification. *See* Dkt. 10, at 4. The Court also notes that plaintiff disputes which deduction matrix applied (*see* Dkt. 10, at 3), but the Court looks to the deduction matrix upon which plaintiff relies, so that there is no factual dispute relevant to this issue that prevents the entry of summary judgment.

Finally, the Court notes that plaintiff appears to argue in response to the summary judgment motion that DOC misapplied Washington law when it withdrew amounts from his check because such violated Washington law about the treatment of prisoner funds. But plaintiff's complaint alleges that DOC wrongly took funds because it violated federal, not state, law, and the Court cannot grant summary judgment on the basis of allegations that are not in the complaint. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc). To the extent that plaintiff is asserting a new claim in response to the summary judgment motion, the District Court should decline to allow him leave to amend his complaint, since the remainder of his claims should be dismissed with prejudice as stated in this Report and Recommendation and thus amendment to include such a claim would be futile. *See* 28 U.S.C. § 1367(c) (providing that a district court may decline to exercise supplemental jurisdiction over a state law claim that raises a novel issue of state law or where the court has dismissed all other claims over which it has original jurisdiction).

**C. Negligent Investigation**

Finally, the District Court should also dismiss plaintiff's other claim, for negligent investigation, with prejudice. There is no tort for negligent investigation in Washington State under these circumstances. *M.W. v. Dep't of Soc. & Health Servs.*, 70 P.3d 954, 960 (Wash. 2003) ("Our courts have not recognized a general tort claim for negligent investigation."). To the extent that plaintiff is alleging negligence, such a claim requires evidence of, among other

things, breach of a duty owed to plaintiff and that the breach proximately caused plaintiff's damages. *See Ranger Ins. Co. v. Pierce Cnty.*, 192 P.3d 886, 889 (Wash. 2008). Plaintiff has failed to come forward with evidence from which a jury could find in his favor on either element. His claim that the investigation was negligent relies on the merits of his claim that the deductions from his EIP check violated federal law. And DOC's initial deduction of his funds, not the investigation into his tort claim, caused any damages.

Defendants argue that the Court should dismiss any claims against Washington State Attorney General Robert Ferguson with prejudice. *See* Dkt. 6, at 7. Plaintiff does not raise any such claims, so that the Court declines to address this argument further. *See* Dkt. 10, at 11.

**CONCLUSION**

The undersigned recommends that the District Court grant the motion for summary judgment (Dkt. 6) and dismiss this matter with prejudice. The case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen days from the service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 18, 2022,** as noted in the caption.

Dated this 3rd day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge